■ SEVEN SIXTY TRAVEL, INC., Respondent, v AMERICAN MOTORISTS INSURANCE Co. et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 19, 1974 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint. This is an action brought by a travel agency to recover upon an insurance policy issued by the defendants. In 1971 the plaintiff travel agency arranged a group tour of Europe which included travel in the Soviet Union. At that time travel arrangements for travel in the Soviet Union could be made only through a travel agency recognized for that purpose by the Soviet government. Since plaintiff was not an authorized agency, it enlisted the assistance of another travel agency, Blue Tours International, Inc., which was so recognized, upon the recommendation of an employee of plaintiff who had previously been employed by Blue Tours. It is alleged that

plaintiff paid Blue Tours $15,000. When the group arrived in England, they discovered that proper hotel reservations had not been made for them and so advised plaintiff, who discovered that Blue Tours had neither paid for nor arranged the tour. Plaintiff's subsequent efforts to recover the money paid to Blue Tours have been unsuccessful, since Blue Tours is defunct. When plaintiff learned of the situation, it notified the defendants and asked for instructions as to how to proceed, but it alleges that it was advised that there was nothing which the defendants could do. Thereafter, plaintiff paid $20,000, the cost of completing the group tour, in an alleged attempt to minimize its loss of "immediate expenses and future good will". This action is brought to recover the sums so dispensed by plaintiff. The policy in question insures the plaintiff for "all sums which the insured shall become legally obligated to pay because of injury arising out of * * * Travel Agents Errors and Omissions occurring during the policy term". The term "Travel Agents Errors and Omissions" is defined in the policy as "a negligent act, error or omission of the insured or any person employed by the insured or any other person for whose act the insured may be legally liable". The defendants contend that there was no coverage under the policy because plaintiff's losses were not the result of its own errors or omissions, but rather were caused by intentional and willful criminal or fraudulent acts on the part of a third party, Blue Tours. However, it is the plaintiff, and not Blue Tours, to whom the travelers looked and upon whom they relied for their travel arrangements. In delegating responsibility to Blue Tours, plaintiff in effect made Blue Tours its agent and became liable to its customers for the acts or omissions of Blue Tours. The question of whether those acts or omissions by Blue Tours were intentional and willful fraudulent acts, or mere acts of inadvertence, negligence, or other omission, is a question of fact which can only be resolved at trial. Furthermore, if it is found that the acts of Blue Tours were willful and intentional, plaintiff may nevertheless be able to prove that its delegation of authority to Blue Tours without taking proper precautionary measures, may in and of itself have been an omission for which the plaintiff would have been liable to its clients. We agree with the observation of the court at Special Term that plaintiff's complaint does not specifically allege such facts in detail. However, we also agree with the determination of Special Term that upon the facts as alleged it would be improper to grant summary judgment to the defendants, and therefore suggest that plaintiff may deem it appropriate to seek to amend its complaint. Defendants also contend that plaintiff's payments were voluntary wherefore no insurance coverage exists. This contention also raises questions of fact. It may very well be that had plaintiff not made the payments in the amount and at the time which it did, its involuntary liability may have been greater, to the possible prejudice of the defendants. We therefore do not feel that a dismissal of the complaint on that basis should be permitted. We also do not feel that defendants have demonstrated that dismissal of the claim has been shown to be warranted upon the basis of policy exclusions to which they refer. Order affirmed, with costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.